[Civ. No. 4749.   First Appellate District, Division One.—October 25, 1923.]

## FRANK ROSE, Petitioner, v. PETALUMA & SANTA ROSA RAILWAY COMPANY et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—STATUTE OF LIMITATIONS—EXCEPTION CONTAINED IN SUBDIVISION (c), SECTION 11—BURDEN OF PROOF.—An injured employee invoking the exception contained in subdivision (c) of section 11 of the Workmen's Compensation Act to the effect that the statute of limitations for commencing proceedings for compensation shall be tolled against one who is totally disabled and bedridden, has the burden of proof of showing that he comes within the provisions of the exception.

[2] ID.—CLAIM BARRED BY STATUTE OF LIMITATIONS—FINDING—EVIDENCE.—In a proceeding to review an order of the Industrial Accident Commission denying compensation, a finding by the commission to the effect that the applicant's claim for compensation was barred by the statute of limitations and that the exception contained in subdivision (c) of section 11 of the Workmen's Compensation Act tolling the statute in the case of an employee who is totally disabled and bedridden did not apply to the applicant, was supported by evidence showing that after the applicant had received the claimed injury he was able to be

---

1.   Applicability of general statute of limitations to action or proceeding under workmen's compensation acts, note 16 A. L. R. 462.

about, and that some weeks thereafter he called at the office of the employer on crutches, at which time he was taken to a hospital from which he was removed to another hospital, in which he moved about and sat by the fire sometimes an hour and sometimes three hours a day.

[3] ID.—DISABILITY AFTER COMMENCEMENT OF RUNNING OF STATUTE—EFFECT OF.—In such proceeding, after the statute had commenced to run, it was not tolled by the fact that the employee became bedridden.

[4] STATUTE OF LIMITATIONS—SAVING QUALIFICATION.—When the statute of limitations has commenced to run it will continue unless there is a saving qualification in the statute.

[5] ID.—SUBSEQUENT DISABILITY — EFFECT UPON STATUTE. — When a right of action has accrued and there are parties competent to sue and be sued at that time, the period of limitations begins to run, and it will continue to run notwithstanding any subsequent disability.

[6] ID.—SUCCESSIVE DISABILITIES.—The exemption period from the statute of limitations cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission denying compensation. Award affirmed.

The facts are stated in the opinion of the court.

Emil G. Buehrer for Petitioner.

Warren H. Pillsbury for Respondent Industrial Accident Commission.

Frank J. Creede, B. E. Pemberton and Daniel W. Burbank for Respondent State Compensation Insurance Fund.

TYLER, P. J.—This is a petition for a writ of review to determine the lawfulness of an original award made by the Industrial Accident Commission in favor of respondent Railroad Company and the State Compensation Insurance Fund, denying petitioner relief for an injury claimed to have been sustained while he was in the employ of respondent company.

It is also sought by the petition to determine the lawfulness of an order denying an application for a rehearing in the matter of said award and the finality resulting from such denial.

Petitioner was employed by defendant company as a stevedore for about four years prior to December 13, 1921. On the last-named day, while loading freight on a steamer in San Francisco, he felt a sharp pain, so he claims, in his left side just below the ribs. Shortly thereafter he reported the matter to the captain of the vessel, but continued in his work for the day. On January 9, 1922, he visited the office of defendant company and reported that he was not able to work and demanded treatment for his injury. The superintendent of the floating equipment of the company had him removed to the Marine Hospital in an ambulance. On January 24, 1922, he was transferred from there to the Palo Alto Base Hospital, where he remained until February 28, 1922, when he was discharged. During the time he was at the Palo Alto Hospital his limbs were paralyzed. Upon the day of his discharge he was using a wheel-chair and was brought to his home in San Francisco in an automobile.

The evidence shows that within a few weeks after his injury petitioner presented to a druggist a prescription dated December 27, 1921, calling for salve composed of oxide of mercury, ammoniated mercury and zinc oxide, and a large piece of gauze, to be applied externally. The medical testimony indicates that petitioner was suffering from locomotor ataxia, brought on through a venereal disease. It also appeared in evidence that during the entire term of his employment petitioner was delicate in health, and had often and from time to time left his work on this account. Other evidence contradicted petitioner's statement that he had complained of having been injured prior to the time he applied for compensation, it being admitted, however, that he had complained of stomach trouble.

The commission made no finding upon the fact as to whether the applicant was or was not injured in the course of his employment, that body being of opinion that petitioner was barred in his claim by section 11 of the Compensation Act (Stats. 1917, p. 831), relating to the limitation of time within which proceedings for the collection of benefits might be instituted.

There is no substantial conflict as to the facts upon this question, and the present writ is brought to review the findings of the commission upon this subject, and to obtain a judicial construction of the limitation provisions in the Workmen's Compensation Act. These provisions are found in section 11 thereof. Subdivision (b), subsection (1), provides: "Proceedings for the collection of the benefit provided in subsection (a) of section nine, or for the collection of the disability payment provided by subsection (b) of said section nine must be commenced within six months from the date of the injury except as otherwise provided in this act."

The application was not filed within the time there provided for, but petitioner seeks to bring himself within the exception found at the end of subdivision (c) of section 11 of the act, which reads as follows: "Provided, further, that the provisions of this section shall not apply to an employee who is totally disabled and bedridden as a result of his injury during the continuance of such condition or until the expiration of six months thereafter."

The petition on its face shows that the claim was barred by the statute; and unless it can be said that the facts bring the case within the exception relied upon, the finding of the commission must stand, the statute of limitations having been specially pleaded as a defense.

It will be noticed that the qualification to the limitation here relied upon provides that the statute is tolled against one who is *totally* disabled and bedridden. The findings of the commission upon this subject are as follows:

"2. The employee claims to have been injured on or about the said 13th day of December, 1921. The application was filed on the 24th day of January, 1923, more than six months thereafter. The claim is barred by the provisions of section 11 of the Compensation Act relating to limitation of time to make claim, paragraph (c) of said section not rendering said section of the act inoperative, as the employee was not bedridden immediately after the time of the alleged injury."

We are of the opinion that the finding on the subject is fully supported by the evidence. [1] Having invoked the exception to the statute the burden was upon the applicant to show that he came within its provisions (Wood on Limitations, sec. 252). There is positive evidence to the fact that after applicant had received the claimed injury he was

able to be about, and that in the month of January, 1922, some few weeks thereafter, he called at the office of the defendant company on crutches, at which time he was sent to the Marine Hospital. Other testimony shows that during the time he was confined at the hospital at Palo Alto he moved about and sat by the fire sometimes an hour and sometimes three hours a day. [2] Under these circumstances the statute must be held to have commenced to run; for even if it be conceded that the evidence shows that at some period during his illness petitioner was bedridden, it certainly does not show that he was so immediately after the accident.

[3] Petitioner makes the contention that admitting that the statute had commenced to run, it was immediately tolled when he became bedridden, and having been thus arrested, it was suspended until six months after the intervening disability had terminated.

[4] The general rule upon this subject is that when the statute of limitations has commenced to run it will continue unless there is a saving qualification in the statute. [5] When a right of action has accrued and there are parties competent to sue and be sued at that time, the period of limitations begins to run, and it will continue to run notwithstanding any subsequent disability (25 Cyc. 1267). The invariable construction which has been given to a saving clause is that where it is incumbent upon a plaintiff to prove that he labored under any disability he must show that it was a continuing one from the first, for, as stated, when the statute has once commenced to run, no subsequent disability will arrest it (Angell on Limitations, secs. 196, 197). [6] It is a settled rule of construction that the exemption period cannot be extended by the connection of one disability with another; in other words, a succession of disabilities cannot be tacked upon the first disability so as to prevent the operation of the statute.

One of the purposes of the time limit imposed by the act is to cause an early submission to the commission of the claim of the employee growing out of his injuries, so that by the observation of its members and with the aid of expert testimony the commission may determine not only the condition of the applicant at the time but the probable future results of the accident. Another object is to give the responsible employer a chance to alleviate the condition of his servant, to

.the end that the latter may the sooner be restored to full capacity for labor and the former relieved of the duty of paying indemnity. (*Ehrhard* v. *Industrial Acc. Com.*, 172 Cal. 621 [Ann. Cas. 1917E, 465, 158 Pac. 193]). Here petitioner presented his claim more than thirteen months after the alleged injuries, and the evidence conclusively shows that he was not totally bedridden immediately after the accident, even conceding that at some period during the illness he might be considered so.

There is abundant evidence in the record to show that petitioner's case does not come within the saving clause of the act in question.

The award is affirmed.

St. Sure, J., and Richards, J., concurred.