[Civ. No. 4615.  Second Appellate District, Division One.—March 5, 1924.]

NEW AMSTERDAM CASUALTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

[1] Workmen's Compensation Act—Statute of Limitations—Jurisdiction—Stipulation—Waiver of Defense.—On a hearing before the Industrial Accident Commission, a stipulation of the parties "that the commission has jurisdiction in this proceeding," without any statement of facts from which jurisdiction of such tribunal would necessarily follow, could not confer jurisdiction upon the commission, where jurisdiction did not exist, by reason of the fact that more than six months had elapsed between the date of the injury and the date of the filing of the application; neither did such stipulation constitute a waiver by the defendant of the defense of the statute of limitations, where such defense was properly pleaded; and the failure of the referee to mention the fact that there was any issue regarding the statute of limitations, or to find on such issue, could not deprive the defendant of such defense.

[2] Id.—Pleading—Burden of Proof.—The pleadings of the petitioner before the Accident Commission having shown that his

--------

1. General statute of limitations as applicable to action or proceedings under workmen's compensation acts, note, 16 A. L. R. 462.

action was barred by the statute of limitations, and the answer of the defendant having pleaded the statute of limitations as a defense, the burden was upon petitioner to prove that one of the exceptions of the statute existed in order that the claim might be relieved from the bar of the statute; and where no evidence was introduced to offset the defense made by the defendant on the face of the pleadings, such defense should have prevailed.

(1) Workmen's Compensation Acts, p. 106, sec. 103, p. 114, sec. 109.   (2) Workmen's Compensation Acts, p. 115, sec. 112.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission.   Award annulled.

The facts are stated in the opinion of the court.

Kidd, Hardy & Elliott and Walter O. Schell for Petitioner.

Warren H. Pillsbury and Edward O. Allen for Respondent.

George H. Moore, as *Amicus Curiae.*

HOUSER, J.—*Certiorari.* The point which is suggested by counsel for petitioner, and which is accepted by respondent as being proper for the consideration of this court, has to do with the statute of limitations.   Ordinarily it might be contended that a writ of *certiorari* would not lie herein; but in view of the fact that the controversy arises under the Workmen's Compensation Act (Stats. 1917, p. 831) and that the ordinary functions of the writ of *certiorari* are largely extended by its provisions as affecting cases arising thereunder, together with the further consideration that both the supreme court and the appellate court of this state in analogous cases have heretofore recognized the broadened powers of this court in such proceedings, it may be assumed in the instant case that this court is not without authority in the premises.

Without reference to the underlying facts in the case, it may be stated that the application for the adjustment of the claim before the Accident Commission was in the usual form in such matters, and from the return to the writ, it appears that the accident which resulted in the injury of which complaint is made occurred on the twenty-eighth day of

November, 1922, and that the application by the injured person for adjustment of his claim was not filed with the Industrial Accident Commission until July 6, 1923. The act on which the proceeding is based provides in effect that unless compensation be made, or an agreement for its payment be made, within six months from the date of the injury, except as otherwise provided in the act, such proceedings shall be barred.

On the face of the record it appears that more than six months elapsed between the date of the injury and the date of the filing of the application. Among other defenses, the answer of the defendant New Amsterdam Casualty Company contained the following: "It sets up the defense that the time limit of applicant, for making claim against the New Amsterdam Casualty Company, has expired, inasmuch as over six months have elapsed since the time of injury, and no request for any payment of any nature, has ever been made by applicant, or anyone on his behalf, to the New Amsterdam Casualty Company, and the said New Amsterdam Casualty Company has never made any such payments to anyone."

[1] On the hearing before the referee a stipulation was entered into which, among other things, showed that certain compensation in payment of medical services and for disability of the injured person had been paid by one of the defendants in the proceeding, but that nothing had been paid by the defendant New Amsterdam Casualty Company. It was also stipulated "that the commission has jurisdiction in this proceeding." In stating the issues in the proceeding before the commission the referee omitted to mention the fact that there was any issue regarding the statute of limitations. No evidence was offered by either party to the controversy touching any of the exceptions mentioned in the act which would have had the effect of preventing the operation of the statute of limitations as therein provided. Nor was any finding made by the referee with respect to such statute.

On behalf of the respondent herein it is urged that the stipulation of the parties as to the jurisdiction of the commission, together with the failure of the defendant at the hearing to offer any evidence with reference to the statute of limitations and especially as to the exceptions mentioned

in the statute, constituted a withdrawal and a waiver of such defense. The general rule is that jurisdiction cannot be acquired by consent, and whatever exceptions may exist thereto are certainly not within the facts of this matter. It is apparent that the commission either had or that it had not jurisdiction. If it already had jurisdiction, the stipulation was not only unnecessary but was also a superfluity; and if it had not jurisdiction, the stipulation could not confer it. It must be true that if jurisdiction existed, the question of the applicability of the statute of limitations to the facts of the case could not in any wise affect the right of the commission to adjudicate concerning the subject matter in the proceeding before it. In a proceeding of this nature the question of whether or not the tribunal has jurisdiction cannot be made to depend upon the conclusion as to which party should recover judgment, whether dependent upon the statute of limitations, or any other single issue in the case. Holding that the issue of the statute of limitations was determinative of jurisdiction, that is, the legal right of the tribunal to decide the case, would in effect mean that, eliminating such issue, the court would have no power to decide for either of the parties to the action. The stipulation contained no statement of facts from which jurisdiction of the tribunal would necessarily follow; it was but a bald statement "that the commission has jurisdiction in this proceeding." The result must be that by the stipulation the jurisdiction of the court was entirely unaffected. Nor did it constitute any waiver of the defense of the statute of limitations; it had no bearing upon, nor had it any relation to, such issue. Neither could the failure of the referee to correctly state the issues in the proceeding, or to find on the issue of the statute of limitations, deprive defendant of its defense. It was no part of its duty to see that the referee was properly performing his duty. The defendant had interposed the defense according to the usual and accepted form in such matters—at least no objection is made on such grounds—and it had the undoubted right, if findings were to be made at all, to have a finding made upon such issue.

[2] It is contended that the burden was upon the defendant not only to prove that the statute of limitations applied, but also to prove that none of the exceptions of the statute

prevented it from taking effect in the defendant's favor. In 17 R. C. L. 1004, 1005, where the authorities are cited, the general statement is made to the effect that where a party to an action in which the statute of limitations is pleaded claims the benefit of an exception, all presumptions are against him and the burden is upon such party to show that he is entitled to the exception. And in volume 8 of Ann. Cas., p. 341, where a large number of cases are collected, it is said that "when the plaintiff's pleadings show upon their face that the claim sued upon is actually barred by the statute of limitations, then a plea of the statute interposed by the defendant will in effect shift the burden to the plaintiff, who will be obliged to produce evidence to relieve his claim from the bar of the statute. Of course, in the first instance the burden is upon the defendant to prove his plea, but he may rely for such proof upon the admissions contained in the plaintiff's pleadings and rest without producing other evidence."

In the instant case the pleadings of the petitioner before the Accident Commission show that the action is barred by the statute. The burden was therefore cast upon the petitioner to prove that one of the exceptions of the statute existed in order that the claim might be relieved from the bar of the statute. The record herein discloses the fact that no evidence was introduced to offset the defense made by the defendant on the face of the pleadings. The defense of the statute must therefore prevail.

It is ordered that the award of the commission as against the defendant New Amsterdam Casualty Company be and the same is annulled.

Conrey, P. J., and Curtis, J., concurred.