[S. F. No. 11480.   In Bank.—March 9, 1925.]

## UNITED STATES FIDELITY & GUARANTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JOHN AVILA, Respondents

[1] Workmen's Compensation Act — Statute of Limitations — Waiver.—An employer may waive the provisions of section 11 of the Workmen's Compensation Act, providing the time in which an application for adjustment of a claim for injuries must be filed, and such a waiver occurred where the employer sent its injured employee to a hospital to be operated on for hernia and the expense of the operation was to be borne by it.

[2] Id.—Insurance Carrier—Liability of.—As an insurance carrier is liable to an injured employee under the same circumstances and to the same amount as the employer, when the employer cannot successfully plead the statute of limitations, the insurance carrier cannot do so; and where the employer has waived the statute of limitations by his acts, such waiver is equally binding upon the insurance carrier.

[3] Id.—Liability of Insurance Carrier—Conclusive Presumption —Suretyship.—In the face of the conclusive presumption under the Workmen's Compensation Act that a contract of insurance contains a clause to the effect that the insurance carrier shall be directly and primarily liable to the employee to pay the compensation, if any, for which the employer is liable, it cannot be successfully contended that the status of the insurance carrier is merely that of a surety.

(1) Workmen's Compensation Act, C. J., p. 106, n. 45.   (2) Workmen's Compensation Act, C. J., p. 106, n. 45.   (3) Workmen's Compensation Act, C. J., p. 115, n. 37, p. 145, n. 57 New.

APPLICATION for a Writ of Review to annul an order of the Industrial Accident Commission awarding compensation for an injury.   Affirmed.

The facts are stated in the opinion of the court.

1. Notice of injury under Workmen's Compensation Act, notes, Ann. Cas. 1917D, 867, 881, 883, 886; Ann. Cas. 1918C, 1042.

Horace W. B. Smith and P. R. Lund for° Petitioner.

Warren H. Pillsbury for Respondents.

Redman & Alexander, *Amici Curiae.*

THE COURT.—We are satisfied with and hereby adopt the following portions of the opinion prepared herein by Mr. Justice Sturtevant of the district court of appeal:

"This is an application to have an award made by the defendant Commission annulled.

"On December 5, 1922, John Avila filed with the Commission an application for adjustment of claim. In that application he set forth that prior to the 29th day of June, 1922, he was employed by the Associated Milk Producers at Los Banos; that on the 29th day of June, 1922, in the course of his employment he was lifting heavy sacks of casein and strained himself causing a hernia; that he purchased a truss and returned to work on July 1, 1922; that he continued to work until July 7, 1923; that on the date last mentioned his trouble had increased to such an extent that he quit work; that during the same month he was operated on for the hernia; that he returned to work September 5, 1923; that on October 22, 1923, the above mentioned injury became aggravated and he was compelled to quit work and that he lost five months' time to date of said application. In his application the claimant further set forth that he notified his employer of the injury received on the 29th day of June, 1922, and that he consulted Dr. Jadarola and Dr. Sprague who attended him for the injury received; that Dr. Eaves performed the operation above mentioned and that Dr. Eaves was paid for the operation by the employer; that neither the hospital bill, nor Dr. Jadarola, nor Dr. Sprague have been paid and that other sums have not been paid for medicines. The application also set forth that the employee was receiving $120 a month payable monthly and that he worked seven days a week. The application was answered by this petitioner. In the answer the petitioner alleged that it was the insurance carrier and as such appeared for the purposes of the case and asked to be substituted in the place of the employer. In its answer the insurance carrier, as the defendant, denied that the applicant was injured in the course of his employ-

ment with the employer on or about the 29th day of June, 1922; admitted that the applicant was in its employment on the date mentioned and was receiving $120 a month seven days per week. The defendant also denied that bills were incurred at St. Mary's Hospital, or that doctor bills were incurred as above stated. In their answer they also set forth: 'As a separate and affirmative defense to the application herein, defendants allege that more than six months have elapsed between the time of the alleged injury on June 29th, 1922, and the time of the filing of the application herein, and by reason thereof the right of the applicant to file application for adjustment of claim herein is wholly barred, as provided by Section 11 of the California Workmen's Compensation, Insurance and Safety Laws of the State of California.' (Stats. 1917, p. 841.)

"On the pleadings so framed the parties presented the proceedings concerning the claim of the employee. The Commission made findings in which it found every fact in favor of the employee and made its award 'in favor of John Avila against the United States Fidelity & Guaranty Company in the sum of $161.23, payable to applicant forthwith, and the further sum of $17.10 a week beginning October 12, 1923, until the termination or disability or the further order of this Commission . . . The evidence taken commenced with a date prior to June 29, 1922, and extended over the ensuing date down to the 15th day of January, 1924. No objection was made as to any testimony being without the issues. All of the testimony came in without objection.

"On turning to the evidence introduced, it appears that on June 29, 1922, the day the hernia was caused, the employee notified the employer of the injury. It also appears that said notice was frequently repeated but that the employer never notified the insurance carrier until about the 23rd day of June, 1923. On that date Avila came to San Francisco. After telling his story to the officers of the Associated Milk Producers they sent him to the insurance carrier. The insurance carrier denied liability. Thereafter the attorney for the employer called on the insurance company and received a reply of similar import. Thereupon the employer sent the employee to St. Mary's Hospital where he was operated upon at the expense of the employer. No claim is made that the insurance company is liable to the

employer for these expenses. On September 5th, 1923, the employee returned to work and continued at his work until October 12th following. At that time he quit work because an open sore existed at the point where he had been operated on for the hernia. Thereupon Avila consulted Dr. Sprague, who proceeded to treat the wound and continued to treat it until about December 20, 1923. At that time the running sore had been healed but as the witness stated on the witness stand on January 15, 1924, 'It is healed up now but it still hurts me bad.'

[1] ''Claiming that Avila suffered but one injury, the hernia, and that injury was on June 29, 1922, the petitioner asserts that the defense of the statute of limitations was a complete defense and that the Commission erred in making any award. In asserting that claim the petitioner overlooks entirely all that portion of the story subsequent to the apparent healing of the incision made at the time of the operation. If there were no more facts involved there would be more in the contention of the petitioner. However, when we consider all of the facts we think that there is nothing in the claim of the petitioner. . . . The employer may waive the terms of the statute, and the employer in this case did waive the terms of the statute when it sent its employee to the hospital to be operated on for hernia and the expenses of the operation to be borne by the employer. The statute in that behalf provides as follows: 'Sec. 11 (c). The payment of compensation, or any part thereof, or agreement therefor, shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of agreement or last payment of such compensation, or any part thereof, . . . ' It is clear that, as to the employer, the defense of the statute of limitations was waived. [2] The insurance company, so far as the record disclosed, became liable to the employee under the same circumstances and to the same amount as the employer. The statute on that subject provides: 'Sec. 30 (c). Every contract insuring against liability for compensation, or insurance policy evidencing the same, must contain a clause to the effect that the insurance carrier shall be directly and primarily liable to the employee and, in the event of his death, to his dependents, to pay the compensation, if any, for which the employer is liable; . . . (d)

. . . Every contract insuring against liability for compensation, provided by this act, or insurance policy evidencing the same shall be conclusively presumed to contain all of the provisions required by this act.' When, as here, the employer could not successfully plead the statute of limitations, it is difficult to see how its agent the insurance carrier could successfully do so for the employer.''

We are satisfied that for the purposes of the proceeding here under review the employer could and did waive the statute of limitations and that such waiver is equally binding upon the insurance carrier. The contract of insurance was not in evidence before the Commission, and we are not here concerned with the question whether or not that contract was breached, as between the immediate parties thereto, by the act of the employer in waiving the statute. [3] In the face of the conclusive presumption that the contract of insurance contains a clause to the effect that ''the insurance carrier shall be *directly and primarily liable* to the employee . . . to pay the compensation, if any, *for which the employer is liable*'' (sec. 30c,—italics added), there is no merit in the contention that the status herein of the insurance carrier is merely that of a surety.

We are of the opinion that the testimony before the Commission was legally sufficient to sustain the inference that Avila's disability had not terminated on December 20, 1923, or on January 15, 1924. It cannot be said, therefore, that the finding was based upon mere speculation, or that it was predicated upon the theory that pain alone is sufficient to justify an award of compensation.

The award is affirmed.

Rehearing denied.

All the Justices concurred.