[Civ. No. 7048. Second Appellate District, Division One.—April 14, 1930.]

ADLAI E. BIGE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, A. E. MORRISON, INC., et al., Respondents.

Stanley Moffatt for Petitioner.

Edward O. Allen for Respondents.

HOUSER, J.—On an application presented to the respondent Commission for adjustment of compensation for an industrial injury sustained by petitioner herein, and which admittedly "occurred in the course and arising out of his employment," the Commission found that the injury consisted of "aggravation into a disabling condition of a pre-existing right indirect inguinal hernia," for which the applicant had been adequately compensated "by the furnishing of a surgical operation for the radical cure of said hernia"; and thereupon ordered that the appellant "take nothing further."

Petitioner contends that, with the exception of that part of the finding to the effect that the injury to him occurred "in the course of and arising out of his employment," the said finding was unsupported by any evidence relating thereto. However, as from the record herein it appears that each of the several parts of said finding was based upon the contents of certain reports, documents, publications, etc., which by the terms of section 19(c) of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831, as variously amended) the Commission was entitled to receive and consider in evidence, the contention of petitioner in that regard cannot be sustained.

The principal complaint of petitioner is directed to the situation that, although by the finding of the Commission the injury sustained by petitioner "occurred in the course of and arising out of his employment," for the reason, as stated in the award, that the applicant had been furnished "a surgical operation for the radical cure of said hernia," the compensation already awarded to him was considered adequate.

By the terms of subsection (3) of section 3 and subsection (a) of section 9 of the Workmen's Compensation,

Insurance and Safety Act, compensation to an injured employee includes surgical and hospital treatment. It is therefore manifest that the applicant received *some* compensation. (27 Cal. Jur. 526; citing *Union Iron Works* v. *Industrial Acc. Com.*, 190 Cal. 33 [210 Pac. 410].)

Subsection (4) of section 3 of the act provides that: "The term 'injury,' as used in this act, shall include any injury or disease arising out of the employment. In case of aggravation of any disease existing prior to such injury, compensation shall be allowed only for such proportion of the disability due to the aggravation of such prior disease as may reasonably be attributed to the injury."

■ In that connection, the question presented to this court for its determination is whether an injury which consisted "of an aggravation into a disabling condition of a pre-existing . . . hernia" represented an injury which was an "aggravation of a *disease* existing prior to such injury." From a consideration of the subsection of the act to which attention has been directed, together with the text and the authorities cited in 18 Corpus Juris, page 1139, it would seem clear that the word "disease," as used in said sub-section of the statute, was broad enough in its meaning and significance to include a physical condition such as is shown to have existed with reference to the petitioner herein at the time the injury was sustained by him. It therefore follows that, since within the terms of the statute the applicant was awarded "compensation" for an injury which resulted from aggravation of a pre-existing hernia, the award made to petitioner by the Commission should be affirmed. It is so ordered.

Conrey, P. J., and York, J., concurred.