[L. A. No. 12449. In Bank.—December 13, 1930.]

DORA LEE MacDONALD, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and BATTLE CREEK FOOD COMPANY et al., Respondents.

Edwin J. Miller for Petitioner.

Edward O. Allen for Respondents.

LANGDON, J.—This is a petition by an employee for review of an order of the Industrial Accident Commission dismissing an application for compensation.

Petitioner was employed as a traveling demonstrator of food products by the Battle Creek Food Company. She solicited orders in various cities and towns in California and several other western states. On October 2, 1928, she was in Billings, Montana, and had lunch there at a small cafeteria. On her way out she slipped and fell to the floor, suffering a fracture of the hip. She was taken to a hospital, and remained there under treatments for three months.

A claim for compensation was filed on October 1, 1929, and a hearing was had thereon, in which several issues were presented to the Commission. With respect to the question whether the injury arose in the course of her employment, petitioner testified that she intended to make a demonstration and was waiting to interview the manager. The evidence on this point is not entirely satisfactory, and the Commission in its findings ignored this and other issues, resting its order on the sole ground that the application was barred by the statute of limitations.

The Workmen's Compensation Act requires that a claim for compensation must be filed within six months from the date of the injury, but makes certain exceptions to this requirement. The one relied upon here reads as follows: "provided, further, that the provisions of this section shall not apply to an employee who is totally disabled and bedridden as a result of his injury, during the continuance of such

condition or until the expiration of six months thereafter''. (Workmen's Compensation Act, sec. 11[e]; Deering's General Laws, Act 4749, p. 1721.) It is petitioner's contention that she was ''totally disabled and bedridden'' within the meaning of the statute, from the time of her injury up to a period less than six months before filing her application with the Commission. Since the application was filed on October 1, 1929, this contention must fall unless it be shown that petitioner was bedridden until about April 1, 1929.

Whether a person is in this condition is a question of fact, and the burden is upon the applicant to bring himself within the statutory exception. (*Rose* v. *Petaluma & Santa Rosa Ry. Co.*, 64 Cal. App. 213 [221 Pac. 406].)

If the employee is able to get up and walk, he is obviously not bedridden, even though his injury causes him considerable pain and a good portion of his time is spent in bed. (See *Francisco* v. *Industrial Acc. Com.*, 192 Cal. 635 [221 Pac. 373]; 27 Cal. Jur. 466, sec. 137.) Construing the provision in the light of its purpose, it would seem that an injured employee is to be considered ''totally disabled and bedridden'' only if he is in such a condition as to be unable to take steps to file his claim for compensation, bearing in mind that such a claim may be made by correspondence or through an agent.

The major part of the evidence before the Commission came from petitioner herself. It appears that she was injured on October 2, 1928, and remained in the hospital at Billings for three months, until January 2, 1929. Upon her discharge from the hospital she came by train to San Francisco. She was as yet unable to walk and was accompanied by a woman who assisted her. She remained in San Francisco until about July 19, 1929, staying at the home of a friend. At about this date she left for Los Angeles, where she resided with her sister. With respect to the period prior to April, 1929, she testified that she was unable to dress or get out of bed, and that she was ''absolutely unable to do a thing.'' On cross-examination, however, she admitted that during January and February she was able to get up on crutches to go to the bathroom and to the kitchen; that she took a good part of her meals in the kitchen; that she spent much of her time out of bed, with her shoes on, sitting in

the kitchen with her friend and members of the family. A copy of petitioner's "Progress Record" in the hospital at Billings was introduced as her own exhibit, and in it we find the following remarks: "Cast Removed—Patient about on crutches and Recovering. . . . Discharged on Dec. 31–1928 Condition Excellent."

The record contains various contradictory statements by petitioner, but irrespective of the effect of these as tending to discredit her as a witness, the evidence which she herself gave is sufficient to sustain the conclusion of the Commission that she was not "totally disabled and bedridden" within the meaning of the statute. Despite her serious condition, it can hardly be said that she was physically or mentally unable to make her claim, the necessity of which she was fully aware shortly after the injury occurred. We have no alternative but to conclude with the Commission that the claim was barred.

The order dismissing the application is therefore affirmed.

Waste, C. J., Shenk, J., Richards, J., Seawell, J., Preston, J., and Curtis, J., concurred.

Rehearing denied.