[Civ. No. 14065.   Second Dist., Div. Three.   July 27, 1943.]

COLONIAL INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and D. C. MILLIGAN, Respondents.

10

Garratt B. Sargent for Petitioner.

Everett A. Corten and R. C. McKellips for Respondents.

SHINN, Acting P. J.—In this proceeding to annul an award of the Industrial Accident Commission to an injured employee, the question for decision is correctly stated by counsel for respondent as follows: ''Does a monetary payment by the employer (who was reimbursed by his insurance carrier) to an injured employee, to be used to pay for the services of a chiropractor who had treated, and temporarily relieved, the pain in the employee's sprained back, give the Industrial

Accident Commission continuing jurisdiction so that an application for compensation for new and further disability may be filed by the employee at any time within 245 weeks after the date of the original injury?''

On the day of his injury the employee engaged the services of a chiropractor and received a treatment for an injury to his back. On the second day thereafter he reported the injury to his employer, who reported to the insurance carrier; the employee remained at home during the ensuing week, was visited by his employer, and continued to receive chiropractic treatments. The employer tendered no medical treatment and the employee received none at that time, although within a week after the accident he was examined by a physician at the suggestion of the insurance carrier and was advised that he was all right. The commission did not find that the employer neglected or refused to furnish medical treatment. The charges of the chiropractor, amounting to $9.00, were paid to the employee by the employer, who was reimbursed therefor by his insurance carrier upon presentation of the chiropractor's bill and after receiving a communication from the chiropractor. No application was filed for compensation for the original injury and no sum in excess of $9.00 was paid to or for the employee. The present application for compensation was based upon new and further disability which developed, and was filed within 245 weeks after the date of the original injury.

Petitioner's contention is that while the employer was required to furnish medical, surgical and hospital treatment, he was not obliged to furnish treatment by a chiropractor and that the reimbursement of the employee for the cost of such treatment cannot be considered as compensation in any form so as to extend the time for the filing of a claim. The commission found that there was new and further compensable disability, that the employer had furnished ''treatment'' for the original injury, and that because thereof the claim depending upon the new and further disability was not barred. These findings are supported by the evidence and they justify the award. The commission did not find that chiropractic treatment constitutes medical treatment and there is nothing in the findings to indicate that the award was made upon the theory that the employer was obliged to furnish chiropractic treatment or to reimburse the employee for the cost thereof. Undoubtedly the theory was that reimbursement of the em-

ployee constituted compensation within the meaning of section 3207 of the Labor Code and the decisions which hold that the payment of compensation for the original injury gives the commission jurisdiction for 245 weeks after the date of the injury to entertain proceedings for compensation for new and further disability. (Sec. 5410, Labor Code; *Henry Cowell L. & C. Co.* v. *Industrial Acc. Com.*, (1930) 211 Cal. 154, 160 [294 P. 703, 72 A.L.R. 1118], and cases therein cited.)

■ "Compensation" as defined by section 3207 of the Labor Code includes "every benefit or payment conferred by Division IV upon an injured employee" and necessarily includes payment for medical treatment as provided in section 4600 of the code. Reimbursement of an employee for the expenses of medical treatment is payment of compensation and is just as effective to continue the jurisdiction of the commission as payment of wages would be. We may agree with petitioner, without deciding, that an employee is not entitled to receive chiropractic treatment at the expense of his employer and that reimbursement for such treatments would not be the payment of compensation in the strict sense.

■ But it does not follow that payment of charges of a chiropractor by the employer and reimbursement of the latter by the insurance carrier with full knowledge of all of the facts would not be payment of compensation which would toll the statute of limitations. If the employer in the present case was not obliged and could have refused to furnish chiropractic treatment, he waived his right to limit his liability to the furnishing of medical treatment. The insurance carrier was not bound by the act of the employer and could have refused to reimburse him for an improper expenditure (*Beverly* v. *Fairmount Hotel*, (1927) 85 Cal. App. 567, 570 [259 P. 955]), and if it had done so it would have been free to plead the bar of the statute. But having accepted and paid for chiropractic treatment as a substitute for medical treatment, neither the employer nor the insurance carrier can deny that the employee has been paid compensation for his injury. They made no claim then and make none now that the money was paid for any other purpose or with any different understanding. It is upon the doctrine of estoppel that payment operates to extend the time for the filing of an application for compensation (*Union Iron Works* v. *Industrial Acc. Com.*, (1922) 190 Cal. 33, 46 [210 P. 410]); and

it is immaterial whether the payment be large or small or whether there be one payment or several. It is payment of money *as compensation* that extends the time. (*Morrison* v. *Industrial Acc. Com.*, (1938) 29 Cal.App.2d 528 [85 P.2d 186], and cases cited page 534.) The commission therefore correctly held that the claim, as limited to the new and additional disability, was not barred.

The award is affirmed.

Wood (Parker), J., and Bishop, J. pro tem. concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 23, 1943.