[L. A. No. 19455. In Bank. Dec. 21, 1945.]

COLONIAL INSURANCE COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and MILES E. NICKLES, Respondents.

Syril S. Tipton for Petitioner.

Everett A. Corten and R. C. McKellips for Respondents.

CARTER, J.—Petitioner, insurance carrier for the employer, was unsuccessful in its attempt to have respondent, Industrial Accident Commission sustain its defense of the statute of limitation to a claim for workmen's compensation filed by respondent, Miles E. Nickles.

Nickles suffered a right inguinal hernia in the course of his employment on January 3, 1944. He filed his application for compensation on August 31, 1944. According to applicant's testimony, he consulted Dr. Hull on January 5, 1944, and was advised that he had the hernia. The following day at the suggestion of Dr. Hull he consulted Dr. Gamble, a doctor for petitioner carrier. The latter examined him. Later on he was examined by Drs. Gillis, (and Dr. Gillis' brother) Townsend, and Watson. In the medical report of Dr. Gamble it is stated

that Nickles first consulted him on January 6, 1944, and "In-jection treatment versus surgery was discussed. This case to me seemed to be an injectable type *so the patient was ordered to purchase a truss and return later for injections.* However the insurance carrier intervened and withdrew the patient from my professional care." (Emphasis added.) Dr. Gillis' report, dated January 20, 1944, referred to an examination on January 18, 1944, and remarks: "He (Nickles) reported to Dr. Gamble on January 6th, who told him he had a rupture and advised a truss which the injured procured and which he has worn since." Dr. Gillis' second report dated April 19, 1944, referring to a consultation of April 18, 1944, states: "You will note from my report to you of January 20, 1944 that this man presented a right, indirect, inguinal, reducible hernia which I believed should be repaired surgically. Authority was granted by your office to proceed with the surgery but the injured has decided not to have it done. Instead he procured a truss which he has been wearing continuously. He has been able to continue with his work. He has *reported in here periodically* for observation only.

"I examined him last on April 18, 1944, at which time I noted that there was no clinical evidence of any right-sided hernia now, but this would be expected in view of the fact that he has been wearing the truss continuously. I believe that if he took the truss off and allowed it to remain off for a few hours the right inguinal hernia would again be present.

"This man still states that he is not going to accept surgery, at least not temporarily, and is going to continue wearing the truss and continue working. Under the circumstances I have no further recommendations to make." (Emphasis added.) It will be noted that that report covers the period including, and for some time prior to April 18, 1944. Six months prior to August 31, 1944, the date the application was filed would be March 1, 1944, a date before the last consultation and within six months after the injury was received.

At the outset it must be remembered that the provisions of the workmen's compensation law dealing with the limitation of time within which proceedings for compensation may be commenced, like other parts of that law, are to be liberally construed to the end that the beneficent features thereof shall not be lost to employees, and where provisions are susceptible of an interpretation either beneficial or detri-

mental to an injured employee, they must be construed favorable to the employee. (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 26 Cal.2d 278 [158 P.2d 195]; *Bianco* v. *Industrial Acc. Com.*, 24 Cal.2d 584 [150 P.2d 806]; *Ocean A. & G. Corp., Ltd.* v. *Industrial Acc. Com.*, 90 Cal.App. 725 [266 P. 556]; *Harris* v. *Industrial Acc. Com.*, 204 Cal. 432 [268 P. 902]; *Liptak* v. *Industrial Acc. Com.*, 200 Cal. 39 [251 P. 635]; *Dept. of Motor Vehicles* v. *Industrial Acc. Com.*, 14 Cal. 2d 189 [93 P.2d 131]; Lab. Code, § 3202.) And as said in *Morrison* v. *Industrial Acc. Com.*, 29 Cal.App.2d 528, 536 [85 P.2d 186]:

''Compensation is an obligation created by law in accordance with justice. The statute of limitations is a mere rule which limits the time within which a claim must be presented. It is adopted for the purpose of encouraging diligence and preventing injustice. It is a mere defense which may be waived, and should not become a trap to defeat just claims.''

The statutory declarations on limitations read:

''Unless compensation is paid or an agreement for its payment made within the time limited in this chapter for the institution of proceedings for its collection, the right to institute such proceedings is barred.'' (Lab. Code, § 5404.)

''The periods within which *may be commenced* proceedings for the collection of medical, disability or other benefits . . . are, except as otherwise provided in this division, as follows: (Emphasis added.)

''(a) *Six months from the date of injury, or* from the date of the last payment of any compensation, *or* agreement therefor, or the expiration of any period covered by such payment.'' (Emphasis added.) (Lab. Code, § 5405.) In connection with those sections, consideration must be given to the burden of proof with regard to whether or not a claim for compensation is barred.

''The running of the period of limitations prescribed by this chapter is an affirmative defense and operates to bar the remedy and not to extinguish the right of the employee.'' (Lab. Code, § 5409.) ■ By making the statute of limitation an affirmative defense the burden of proving that the action is barred rests upon the defendant.

''The burden of proof rests upon the party holding the affirmative of the issue.'' (Lab. Code, § 5705.) In *Morrison* v. *Industrial Acc. Com., supra,* 535, it is said:

''The statute of limitations is a defense personal to the

debtor, which will be waived if not pleaded. (16 Cal.Jur. 396, § 6.) The burden of proving that the claim for compensation was barred by the statute of limitations in the present case was upon the respondents who seek to defeat that claim on the ground that it was not presented within six months of the time of the injury complained of." (See, also, *Argonaut Min. Co., Ltd.* v. *Industrial Acc. Com.*, 21 Cal.App.2d 492, 497 [70 P.2d 216].) ■ However, in explanation of that rule, it has been declared that where the statute has exemptions, exceptions or matters which will avoid the statute the burden is on the claimant to show that he falls within that category. (*New Amsterdam C. Co.* v. *Industrial Acc. Com.*, 66 Cal.App. 86 [225 P. 459]; *Rose* v. *Petaluma & Santa Rosa Ry. Co.*, 64 Cal.App. 213 [221 P. 406]; *MacDonald* v. *Industrial Acc. Com.*, 211 Cal. 118 [294 P. 389]; 34 Am.Jur., Limitation of Actions, §§ 450-451; 130 A.L.R. 440, 471, 482 .) In the instant case the payment of compensation or agreement therefor are not, however, exceptions or exemptions, or matters in avoidance of the statute. ■ Section 5405 of the Labor Code, *supra,* states that the action may be commenced within six months from certain events. The phrasing is permissive and affirmative, which indicates that the applicant has whichever period is the longer, that is, the time commences from whichever point will extend to him the longest period. (See *Bianco* v. *Industrial Acc. Com.*, 24 Cal.2d 584 [150 P.2d 806].) The three points of time at which the statute may start its course are in the alternative. The proceeding may be commenced within six months from "the date of the injury, *or* from the date of the last payment of any compensation, *or* agreement therefor, . . ." The use of the word "or" conveys the thought of alternatives, not exceptions, or methods of avoiding the statute. Those alternatives are equal. It cannot be said that the basic point of commencement of the time is the date of the injury any more than the payment of compensation or an agreement to pay it. We held in *Bianco* v. *Industrial Acc. Com., supra,* that where two points of commencement were connected by "and," the applicant could avail himself of the longer period. Here the use of "or" makes the case even stronger. (*Bianco* v. *Industrial Acc. Com., supra,* 587.) It follows that defendant must prove that the time has elapsed, starting from any and all three of the points designated.

A further factor pointing to the foregoing interpretation appears from the statute. It will be noted that section 5405 states "except as otherwise provided in this division" the periods are as those given. There we have a clear reference to exceptions and must turn to other provisions of the law to find them. For illustration, section 5408 provides that where the employee is incompetent or a minor, the time shall not run against him. This is an exception and the burden is on the employee to show that he falls within it. That was the situation under the wording of the statute involved in *MacDonald* v. *Industrial Acc. Com., supra; New Amsterdam C. Co.* v. *Industrial Acc. Com., supra;* and *Rose* v. *Petaluma & Santa Rosa Ry. Co., supra.* For example, in the *MacDonald* case the statute provided that the period was six months from the date of the injury "except as otherwise provided in this act," and *"provided, further,* that the provisions of this section shall not apply to an employee who is totally disabled and bedridden as a result of his injury, during the continuance of such condition or until the expiration of six months thereafter." (Emphasis added.) (1923 Deering's Gen. Laws, Act 4749, § 11(c); Stats. 1917, p, 831, § 11(c).) The distinction between the various situations with reference to the burden of proof is not without reason. The condition of being bedridden, incompetent, or under age is peculiarly within the ability of the employee to prove, while payment or agreement to pay compensation are matters of which the defendant certainly has knowledge. Interpreting the statute in light of the rule that a construction favorable to the employee should be followed in preference to an unfavorable one, the result must be that the defendant has the burden of proving that no compensation was paid and no agreement was made therefor.

In the instant case there is no evidence that an agreement for compensation was not made. As indicated by the reports of the doctors the evidence tends to establish the fact that medical treatment was given, rather than that it was not given within six months prior to the filing of the claim. Hence, petitioner not having sustained its burden, the award must be affirmed. It is so ordered.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., and Spence, J., concurred.

EDMONDS, J.—As the record affirmatively shows that, within six months prior to the filing of his claim, the insur-

ance carrier furnished the applicant with medical care, I concur in the judgment affirming the award of compensation. Such care constitutes "payment of any compensation, or agreement therefor" within the meaning of section 5405 of the Labor Code. (*United States F. & G. Co.* v. *Industrial Acc. Com.*, 195 Cal. 577 [234 P. 369]; *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 60 Cal.App.2d 9 [140 P.2d 442]; *Bige* v. *Industrial Acc. Com.*, 105 Cal.App. 210 [287 P. 577].)