[Civ. No. 14990. First Dist., Div. One. Dec. 27, 1951.]

ROWENA MORSE, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Hoffman, Davis & Martin for Petitioner.

Edmund J. Thomas, Jr., T. Groezinger, Alvin L. Dove and Leonard, Hanna & Brophy for Respondents.

WOOD (Fred B.), J.—The sole question upon this appeal is whether or not section 4702 of the Labor Code, as amended in 1939, accorded to the total dependent of a deceased employee a death benefit of $2,000 even though the disability indemnity which had accrued to the employee exceeded that amount, and death occurred more than 12 months after the injury. We conclude that it did.

Section 4702, as amended by chapter 308 of the Statutes of 1939, pages 1580-1581, read as follows:

"4702. The death benefit shall be a sum sufficient to equal:

"(a) In a case of total dependency, three *and one-half* times the average annual earnings of the deceased employee.

"(b) In a case of partial dependency only, three *and one-half* times the amount annually devoted to support of the dependents by the employee.

"The death benefit shall be paid in installments in the same manner and amounts as disability indemnity, payments to be

made at least twice each calendar month, unless the commission otherwise orders. ~~In no case shall~~ *Except as provided in the next paragraph* the death benefit, when added to all accrued disability indemnity, *shall not* exceed three *and one-half* times the average annual earnings of the employee as limited in section 4452, nor exceed the sum of ~~$5,000~~ *$6,000,* except as otherwise provided in sections 4553 and 4554. *For a total dependency the minimum death benefit shall be $2,000.*

*"If death occurs within twelve months after injury, disability indemnity shall not be deducted from the death benefit and shall be paid in addition to the death benefit."* (Strikeout and italics supplied, to indicate deletions and additions made by the 1939 amendment.)

This section, obviously, was designed to fix the amount of death benefit payable, starting as it did with the words, "The death benefit shall be a sum sufficient to equal: . . ." It provided, in clauses (a) and (b), different formulae for computing total and partial dependency benefits. Next, it dealt with the times of payment, in installments, and then imposed a maximum limitation; neither the total nor the partial dependency benefit (when added to the disability indemnity, if death occurred more than 12 months after injury) could exceed three and one-half times average annual earnings, nor $6,000. Then followed the statement, "For a total dependency, the minimum death benefit shall be $2,000." That statement speaks for itself. Its meaning is so directly and immediately clear and manifest, one encounters difficulty in finding other words in which to express the identical concept. Perhaps these words will serve: "For a total dependency the least amount of death benefit payable shall be $2,000." (See *Dauphiny* v. *Buhne,* 153 Cal. 757, 765 [96 P. 880, 126 Am.St. Rep. 136]: "Minimum as applied to damages means the least possible amount that may be awarded . . .") The conclusion seems inescapable that by this statement the Legislature intended to prevent the maximum limitation formula from reducing the death benefit, for a total dependent, to an amount below $2,000.

Respondents say that the statement under consideration cannot have the effect we accord it because it occurs in the same paragraph as the sentence which expresses the maximum limitation, and the latter by its introductory words ("Except as provided in the next paragraph") inexorably recognizes as the sole exception to its provisions that which appears in the next paragraph ("If death occurs within twelve months

after injury, disability indemnity shall not be deducted . . ."). Such a construction puts undue emphasis upon punctuation and sentence structure, and renders purposeless and ineffectual the $2,000 minimum provision. The mere fact that the latter is separated from the former by a period, instead of a comma or semicolon and a qualifying word or two as in the concluding clause of the former ("except as otherwise provided in sections 4553 and 4554"), is of no real significance and should not prevent us from ascertaining the legislative intent and giving it effect.

One of the respondents argues that their view of section 4702 does not render the $2,000 minimum meaningless or useless, upon the theory that it has the same meaning as in section 4452. But there it is used in connection with a multiplication factor (three and one-half times average annual earnings shall be taken, in death cases, at not less than $2,000), —quite different from its use in section 4702, which fixes the amount of death benefit payable. Why repeat it in section 4702, and why repeat it only as to total dependents, if it is to have no effect different from or greater than that already given it in section 4452, especially when section 4702 already by specific reference incorporated the limitations expressed in 4452?

The main principle of statutory interpretation requires a court to ascertain the legislative intent and give it effect if possible. (See Code Civ. Proc., § 1859, and *County of Alameda* v. *Kuchel*, 32 Cal.2d 193, 199 [195 P.2d 17].) In applying that principle, the court is aided, in the instant case, by the legislative declaration in section 3202 of the Labor Code, that "The provisions of Division IV [sections 3201-6002] . . . of this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." (See *Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 439-440 [164 P.2d 490], and cases cited.)

We recognize the principle that when a statute is ambiguous the administrative interpretation, in this case that of the respondent commission, is given serious consideration. We have given it that consideration but do not find such a degree of ambiguity in the statute as would justify us in following the administrative interpretation.

In the instant case, the employee sustained a compensable injury February 26, 1946. He died July 25, 1950, as a proximate result of the injury. His accrued temporary disability

indemnity amounted to $6,870. His widow, petitioner herein, was a total dependent. The respondent commission correctly awarded her the sum of $300 as reasonable burial expense, subject to a lien of $35 payable to her attorneys, but erroneously denied her the minimum death benefit of $2,000.

The findings and award under review are annulled, with directions to respondent commission to make new findings and award in accordance with this decision, awarding petitioner the $2,000 minimum death benefit as well as the burial expense and the attorney's fee.

Peters, P. J., and Bray, J., concurred.