[Civ. No. 22781.   Second Dist., Div. Two.   Feb. 24, 1958.]

ELEANOR P. JOHNSON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Fizzolio & Fizzolio and Carl Q. Christol for Petitioner.

Roger Arnebergh, City Attorney (Los Angeles), Bourke Jones, Assistant City Attorney, Edwin F. Shinn and Herbert Hargrave, Deputy City Attorneys, Everett A. Corten and Edward A. Sarkisian for Respondents.

*Assigned by Chairman of Judicial Council.

FOX, P. J.—In her petition for writ of review petitioner seeks to have annulled the order of the Industrial Accident Commission denying her application for compensation on the ground that it was barred by the statute of limitations.

Petitioner was a recreational director in the employ of the city of Los Angeles. In the course of her employment petitioner, on July 21, 1955, drove some 12 girls in a station wagon to the beach for an outing. Marsha Wolpin was one of them. The group left about midmorning and returned around 3 o'clock in the afternoon. The outing included a picnic lunch, at which food was passed back and forth. Although Marsha participated normally in the activities of the outing, she later complained to her mother of "having been cold and uncomfortable all day." This was the last date that petitioner had any contact with her. On July 31, 1955, Marsha was hospitalized for polio. On July 28, petitioner took a group of approximately 20 girls on an overnight camping trip. The next morning she woke up with a "very sore throat and chills." She continued to work to and including August 3rd. She consulted a doctor on August 8th and on August 13 she entered the General Hospital, at which time she was informed she had polio. Her doctor expressed the opinion that her polio "was due to her employment." It was around the Christmas season, 1955, that petitioner advised the city of her claim that her illness was industrially incurred. Her husband, however, had told one of her supervisors of this claim early in September.

On August 2, 1956, petitioner filed her application for compensation benefits, alleging that "while conducting children's recreational activities" she had contracted polio. By amendment to her petition she alleged the date of injury was July 21, 1955.

The precise question in this matter is whether the statute of limitations, which is one year from "the date of injury" (Lab. Code, § 5405, subd. (a)), had run on petitioner's claim when she filed her application with the commission for benefits under the Workmen's Compensation Act. This, in turn, depends on whether or not her illness was an occupational disease. If it was an occupational disease her claim was filed in time, since the last day petitioner worked was August 3, 1955, and her claim was filed August 2, 1956.[1] If, however, her

---

[1] Labor Code, section 5412, reads: "The date of injury in cases of occupational disease is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment."

illness was not an occupational disease ''[t]he date of injury
. . . is that date during the employment on which occurred
the alleged incident or exposure, for the consequences of
which compensation is claimed.''(Lab. Code, § 5411.)  The
exposure to Marsha, which was the only exposure shown in
the course of her employment to one having polio, was on
July 21, 1955.  Since her application for compensation was not
filed until August 2, 1956, it would be barred under section
5405, if her illness was a nonoccupational disease.

. The Labor Code does not define ''occupational disease.''  In
*Associated Indemnity Corp.* v. *Industrial Acc. Com.*, 124 Cal.
App. 378, the court stated, at page 381 [12 P.2d 1075], that:
''An occupational disease, such as that which is before us in
the present proceeding [silicosis], is one in which the cumula-
tive effect of the continual absorption of small quantities of
deleterious substance from the environment of the employ-
ment ultimately results in manifest pathology; any one ex-
posure to the deleterious substance is inconsequential in it-
self, but the accumulation of repeated absorptions is the factor
which brings about the disease.''  See to the same effect *Marsh*
v. *Industrial Acc. Com.*, 217 Cal. 338, 343-344 [18 P.2d 933,
86 A.L.R. 563], and *Argonaut* v. *Industrial Acc. Com.*, 21
Cal.App.2d 492, 497-498 [70 P.2d 216].  In *Harman* v. *Re-
public Aviation Corp.*, 298 N.Y. 285 [82 N.E.2d 785, 786],
the court pointed out: ''An ailment does not become an occu-
pational disease simply because it is contracted on the em-
ployer's premises.  It must be one which is commonly re-
garded as natural to, inhering in, an incident and concomitant
of, the work in question.''  In a later New York case, *Cham-
pion* v. *W. & L. E. Gurley*, 299 N.Y. 406 [87 N.E.2d 430, 431],
the court further defined an occupational disease by stating
that it is one which results from the nature of employment,
and by ''nature'' is meant ''conditions to which all employees
of a class are subject and which produce the disease as a
natural incident of a particular occupation as distinguished
from and exceeding the hazard and risks of ordinary em-
ployment . . . .''

It is clear that contracting polio is not a natural in-
cident and concomitant of petitioner's work as a recreational
director.  Rather, the exposure occurred fortuitously and
only incidentally during the course of petitioner's employ-
ment.  Hence it cannot be said in the circumstances of this
case that petitioner had an occupational disease.

When an employee's disability is not due to an occupational
disease the Legislature has laid down the rule that the limita-

tions period starts to run from the time of the exposure. (Lab. Code, § 5411.) The exposure here was admittedly on July 21, 1955. Petitioner's application for benefits under the act not having been filed until August 2, 1956, was clearly barred by the one-year statute of limitations.

Petitioner argues that if Labor Code, section 5411, applies in this case then the date of last exposure should be the crucial date and that such date could be considered her last day of work, viz., August 3. She asserts that "it is probable that the increased aggravation of work after the beach picnic increased her susceptibility to disease and caused the disease to become active. In any event, certainly, employment was a contributing cause." She concludes that "it is conceivable that she continued to be exposed by the nature of her employment . . . ." Petitioner is attempting to bring her case within the doctrine of *Fireman's Fund Indem. Co.* v. *Industrial Acc. Com.*, 39 Cal.2d 831 [250 P.2d 148], where it was held that when the disability is the result of one continuous cumulative injury the statute of limitations for filing a claim for compensation commences to run from the time of the last exposure. Petitioner tortures both logic and the evidence in her case in attempting to fit it into the principle of the Fireman's Fund case, *supra*. The exposure of petitioner here was a single incident. In Fireman's Fund the victim was under repeated strain and tension that produced a cumulative effect. Petitioner was with Marsha on July 21st. She was not in her company thereafter. Obviously, the exposure was on that date. The period between July 21 and August 3 simply represents the time required for the incubation and development of the disease.

Although petitioner did not know until she was hospitalized on August 13 that she had been exposed to polio and had contracted the disease, she apparently learned from her doctor soon thereafter that her illness was industrially caused for her husband so claimed in a telephone conversation with one of her supervisors early in September. She too represented to the City around the Christmas season, 1955, that her polio was due to an exposure while she was employed by it. Thus it is clear that petitioner had between approximately seven and ten months in which to file her application with the Industrial Accident Commission for benefits because of this misfortune. It therefore cannot be said that she did not have a reasonable time within which to file her claim prior to the expiration of one year from the date of her exposure.

She was thus not prejudiced by the fact that she did not learn of the existence of her injury until some weeks after it had occurred, i.e., after the exposure. Actually, petitioner's difficulty is due to her misconception of the nature of her disability, viz., that her polio attack was an occupational disease rather than an industrial injury. Hence she figured the one-year limitation within which to file her application for compensation from the time of her disability rather than from the date of her exposure. In this she was clearly in error.

The order is affirmed.

Ashburn, J., and Kincaid, J. pro tem.,* concurred.

Petitioner's application for a hearing by the Supreme Court was denied April 23, 1958. Carter, J., and Traynor, J., were of the opinion that the application should be granted.

*Assigned by Chairman of Judicial Council.