[L. A. No. 27313. In Bank. June 18, 1963.]

SUBSEQUENT INJURIES FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and ALLEN ROBERSON, Respondents.

Stanley Mosk, Attorney General, Edward M. Belasco and Herbert Davis, Deputy Attorneys General, for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

GIBSON, C.J.—Allen Roberson, while employed at Fidler's Manufacturing Co., Inc., sustained an injury to his left hand which caused permanent disability of 40 per cent, for which he received normal workmen's compensation benefits. He had a previous permanent disability which, added to his industrial injury, resulted in a permanent disability rating of 60¾ per cent. Since the combined effect was a permanent disability of less than 70 per cent, Roberson was not eligible for benefits from the Subsequent Injuries Fund.[1] The Industrial Accident Commission awarded Roberson $130 for medical costs incurred in his *unsuccessful* effort to prove his claim against the Fund, and in this proceeding the Fund seeks to annul that award.

The sole issue presented is whether under section 4600 of the Labor Code, construed in the light of the 1959 amendment of that section, certain specified costs may be awarded an unsuccessful claimant against the Fund. Section 4600 provides in part (words deleted by the 1959 amendment are crossed out and words added by that amendment are italicized): "In accordance with the rules of practice and procedure of the commission, the employee . . . shall be reimbursed for expenses reasonably, actually, and necessarily incurred for X-rays, laboratory fees, ~~and~~ medical reports, *and medical testimony* ~~required~~ to ~~successfully~~ prove a contested claim. *The reasonableness of and necessity for incurring such expenses to prove a contested claim shall be determined with respect to the time when such expenses were actually incurred. Expenses of medical testimony shall be presumed reasonable if*

---

[1]Section 4751 of the Labor Code provides: "If an employee who is permanently partially disabled receives a subsequent compensable injury resulting in additional permanent partial disability so that the degree of disability caused by the combination of both disabilities is greater than that which would have resulted from the subsequent injury alone, and the combined effect of the last injury and the previous disability or impairment is a permanent disability equal to 70 percent or more of total, he shall be paid in addition to the compensation due under this code for the permanent partial disability caused by the last injury compensation for the remainder of the combined permanent disability existing after the last injury as provided in this article; . . ."

*in conformity with the fee schedule charges provided for impartial medical experts appointed by the commission."*

Prior to 1959 the section clearly provided that only a *successful* claimant was entitled to be reimbursed for expenses incurred for medical services. In the section as amended the word "successfully" was deleted. Where the amendment of a statute consists of the deletion of an express provision, the presumption is that a substantial change in the law was intended. (*Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227, 231 [273 P.2d 5].) The Fund argues in effect that the deletion of the word "successfully" merely removed a redundancy since the section required (and still requires) that the expense be incurred "to prove" a contested claim. Although one meaning of "to prove" is "to establish a fact or hypothesis as true by satisfactory and sufficient evidence" (Black's Law Dictionary (4th ed. 1951)), another meaning is "to try, or to ascertain . . . to test" (Webster's New Internat. Dict. (2d ed. 1958)). It was unnecessary to make the amendment unless a change in the law was intended, and we find no indication that the Legislature intended by the deletion merely to remove a redundancy. The purpose obviously was not to clarify the law because the language of the section was already clear.

The Fund also argues that allowing such awards to be made to unsuccessful claimants might result in the filing of frivolous claims since an employee, regardless of the merit of his claim, would be entitled to receive a free medical examination. However, the requirement in section 4600 that the expenses be "reasonably" and "necessarily" incurred is a safeguard against such abuse.

We are of the view that the statute provides that a claimant, whether successful or not, is entitled to be reimbursed for expenses reasonably and necessarily incurred for the specified medical services. This construction is in accord with the policy of the law enjoined by both statute and precedent directing that workmen's compensation laws be liberally construed in favor of extending their benefits. (*Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 39 Cal.2d 83, 91 [244 P.2d 889].)

The award is affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner, J., and Peek, J., concurred.