[Civ. No. 29507.   Second Dist., Div. Two.   Oct. 13, 1965.]

JOCO TURUDICH, Petitioner, v. INDUSTRIAL ACCI-DENT COMMISSION, FREDERICK E. SMALE et al., Respondents.

Milan Moacanin for Petitioner.

McLaughlin, Evans, Dalbey & Cumming and Barry F. Evans for Respondents.

HERNDON, J.—In this proceeding we are called upon to review a decision of the Industrial Accident Commission denying petititoner's claim for compensation and refusing to order reimbursement for medical expenses reasonably and necessarily incurred by him in his unsuccessful effort to prove this claim. The action of the commission in both particulars was based upon its determination that the statute of limitations had barred petitioner's claim herein.

We granted petitioner's request for writ of review because we saw merit in his contention that regardless of his failure to establish his compensation claim, the denial of reimbursement for his expenses was improper under Labor Code section 4600 as amended in 1959, and the interpretation placed thereon in *Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 59 Cal. 2d 842 [31 Cal.Rptr. 477, 382 P.2d 597].     However, we find that petitioner is mistaken in his contention that the applicable statute of limitations is section 5412 of the Labor Code, rather than section 5411.

Petitioner had been the victim of back pains for many years prior to the incident here in question and had received treatment from his own physician therefor. The instant claim is based upon petitioner's assertion that he sustained an injury to his back on November 27, 1961, arising out of and occurring in the course of his employment while using a jack hammer in a cramped position under a house. It was stipulated by the parties that following this injury no medical treatment had been provided and no disability benefits had been paid by the employer or the insurance carrier.

Petitioner testified that he had not claimed compensation benefits for this alleged injury at an earlier date because his physician, Dr. Saruba, did not at the time believe that the incident had aggravated his preexisting back condition and

that it was only after his condition became progressively worse and after he had been examined by a Dr. LeMoncheck on February 10, 1964, that the incident involving the jack hammer became significant to him. His claim for compensation benefits was filed in May 1964.

Applicable to this set of circumstances is section 5405, subdivision (a), of the Labor Code which provides that proceedings for compensation benefits must be commenced within one year of the date of the injury. ■ Section 5411 provides: "The date of injury, except in cases of occupational disease, is that date during the employment on which occurred the alleged incident or exposure, for the consequences of which compensation is claimed."

Section 5412 provides: "The date of injury in cases of occupational diseases is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment."

While the term "occupational disease" has not been defined either by the code or by authoritative judicial decision, we hold that a definitive and specific physical injury sustained by reason of using a jack hammer on a specific date does not fall within any reasonable definition of the term.[1] (Cf. *Johnson* v. *Industrial Acc. Com.*, 157 Cal.App.2d 838, 840 et seq. [321 P.2d 856] and cases cited.) ■ Hence the provisions of sections 5405, subdivision (a), and 5411 govern in the disposition of this case.

■ But on the issue of petitioner's right to seek reimbursement for his reasonable and necessary expenses, the decision in *Subsequent Injuries Fund* v. *Industrial Acc. Com., supra,* 59 Cal.2d 842, is controlling. The court therein stated, pages 843-844:

"The sole issue presented is whether under section 4600 of the Labor Code, construed in the light of the 1959 amendment of that section, certain specified costs may be awarded an unsuccessful claimant against the Fund. Section 4600 provides in part (words deleted by the 1959 amendment are crossed out and words added by that amendment are itali-

---

[1]At the time of oral argument herein, petitioner repeatedly and emphatically stated that the instant case was not one involving a series of small traumatic injuries. Therefore, we are not concerned with any question as to the appropriate method for determining the time within which an action of that type might be filed. (Cf. *Argonaut Ins. Co.* v. *Industrial Acc. Com.*, 231 Cal.App.2d 111 [41 Cal.Rptr. 628]; *Beveridge* v. *Industrial Acc. Com.*, 175 Cal.App.2d 592 [346 P.2d 545].)

cized) : 'In accordance with the rules of practice and procedure of the commission, the employee . . . shall be reimbursed for expenses reasonably, actually, and necessarily incurred for X-rays, laboratory fees, ~~and~~ medical reports, *and medical testimony* ~~required~~ to ~~successfully~~ prove a contested claim. *The reasonableness of and necessity for incurring such expenses to prove a contested claim shall be determined with respect to the time when such expenses were actually incurred. Expenses of medical testimony shall be presumed reasonable if in conformity with the fee schedule charges provided for impartial medical experts appointed by the commission.'*

"Prior to 1959 the section clearly provided that only a *successful* claimant was entitled to be reimbursed for expenses incurred for medical services. In the section as amended the word 'successfully' was deleted. Where the amendment of a statute consists of the deletion of an express provision, the presumption is that a substantial change in the law was intended. (*Clements* v. *T. R. Bechtel Co.,* 43 Cal.2d 227, 231 [273 P.2d 5].) The Fund argues in effect that the deletion of the word 'successfully' merely removed a redundancy since the section required (and still requires) that the expense be incurred 'to prove' a contested claim. Although one meaning of 'to prove' is 'to establish a fact or hypothesis as true by satisfactory and sufficient evidence' (Black's Law Dictionary (4th ed. 1951)), another meaning is 'to try, or to ascertain . . . to test' (Webster's New Internat. Dict. (2d ed. 1958)). It was unnecessary to make the amendment unless a change in the law was intended, and we find no indication that the Legislature intended by the deletion merely to remove a redundancy. The purpose obviously was not to clarify the law because the language of the section was already clear.

"The Fund also argues that allowing such awards to be made to unsuccessful claimants might result in the filing of frivolous claims since an employee, regardless of the merit of his claim, would be entitled to receive a free medical examination. However, the requirement in section 4600 that the expenses be 'reasonably' and 'necessarily' incurred is a safeguard against such abuse.

"We are of the view that the statute provides that a claimant, whether successful or not, is entitled to be reimbursed for expenses reasonably and necessarily incurred for the specified medical services. This construction is in accord with the policy of the law enjoined by both statute and precedent directing that workmen's compensation laws be liberally

construed in favor of extending their benefits. (*Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 39 Cal.2d 83, 91 [244 P.2d 889].) ''

Neither the respondent commission nor the real party in interest herein contends that any finding was made that would support the denial of petitioner's medical costs on the ground that his claim was frivolous, and we are not prepared to hold that a determination that a claim is barred by reason of the running of the applicable statute of limitations operates ipso facto to establish its frivolity as a matter of law. Section 5409 of the Labor Code provides:

''The running of the period of limitations prescribed by this chapter is an affirmative defense and operates to bar the remedy and not to extinguish the right of the employee. Such defense may be waived. Failure to present such defense prior to the submission of the cause for decision is a sufficient waiver.'' The burden of proving that the claim is barred rests on the defendants. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 440 [164 P.2d 490].)

That portion of the commission's decision denying petitioner's costs is therefore annulled and the proceeding is remanded to respondent commission for such further proceedings not inconsistent with the views expressed herein as may be required.

Roth, P. J., and Fleming, J., concurred.