[Civ. No. 31977.  Second Dist., Div. Four.  Jan. 26, 1968.]

MARION E. GARRETT, a Minor, etc., Petitioner, v. WORK-MEN'S COMPENSATION APPEALS BOARD, GOOD-YEAR TIRE & RUBBER COMPANY et al., Respondents.

Katz & Rosenfeld and Robert D. Katz for Petitioner.

Everett A. Corten and Edward A. Sarkisian for Respondents.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

McCOY, J. pro tem.*—The applicant seeks review and annulment of an order of the Workmen's Compensation Appeals Board. We annul the order.

Upon his claim for workmen's compensation the referee issued findings and award. He found that on December 28, 1965, while employed as a rubber cutter by the Goodyear Tire & Rubber Company, applicant sustained industrial injury to his back which caused temporary partial disability from December 29, 1965, through February 10, 1967, and thereafter during which time applicant sustained a wage loss. Among the findings he expressly found the following: "Applicant reasonably, actually and necessarily incurred expense for medical treatment and medical-legal costs in the sum of $233, payable to Dr. Ronald Goldberg."

Respondents, the employer and its insurer, filed a petition for reconsideration. The prayer of their petition requested "that a finding be made that applicant is not entitled to any temporary disability indemnity in connection with the injury herein and is not entitled to self-procured medical expense as *distinguished from medical legal expense.*" (Italics added.)

The petition for reconsideration was granted. The referee's findings and award were vacated and new findings and award issued. The board found that applicant sustained industrial injury to his back on December 28, 1965, that the injury caused no temporary disability, and the "issue of permanent disability, if any, is deferred." It also found: "Applicant did not reasonably, actually or necessarily incur expense for medical treatment or medical-legal costs." The order of the board was that the applicant "take nothing at this time" by reason of his application.

The appeals board's decision, made pursuant to Labor Code, section 5908.5,[1] sets forth certain evidence upon which it relied in making its decision on the issue of whether applicant was entitled to temporary disability indemnity. In respect to the issues of reimbursement for medical treatment it stated: "It is noted that applicant was sent to Dr. Goldberg

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1]Labor Code, section 5908.5 provides: "Any decision of the appeals board granting or denying a petition for reconsideration or affirming, rescinding, altering, or amending the original findings, order, decision, or award following reconsideration shall be made by the appeals board and not by a referee and shall be in writing, signed by a majority of the appeals board members assigned thereto, and shall state the evidence relied upon and specify in detail the reasons for the decision."

by his attorney. In connection with his claim for self-procured medical care and treatment, the record fails to reveal any request to the defendants for medical treatment or a change in doctors. There is no evidence that the defendants ever refused to furnish applicant with medical treatment. The Board therefore concludes that applicant's self-procured medical treatment was undertaken on his own volition and at his own expense.''

In the board's decision there is no mention of the evidence or any specification of the reason for denying medical-legal costs. In the one finding the appeals board decided both the issue of reimbursement for self-procured medical care and the issue of reimbursement for medical-legal costs.

Petitioner acquiesces in the finding and denial of his claim for temporary disability indemnity and reimbursement for self-procured medical care. His contention relates to the denial of reimbursement for medical-legal costs.

In the present instance the record shows that the referee did not determine what portion of Dr. Goldberg's charges was attributable to medical care and what portion was attributable to his examination, X-rays, and other diagnostic tests. It appears from the briefs that applicant was furnished medical treatment by the employer after the injury on December 28, 1965, and he continued to work until June 1966 when he was laid off. He then collected unemployment insurance. He filed his claim in September and first saw Dr. Goldberg on October 31, 1966. It further appears that he did not follow Dr. Goldberg's recommended course of treatment but quit going to him. The board noted that the applicant was sent to Dr. Goldberg by his attorney. Although he was unsuccessful in his claim for temporary disability benefits, medical evidence was furnished to prove that claim and it appears that some portion of Dr. Goldberg's charges was incurred for that purpose.

In the present instance Dr. Goldberg filed a lien for $233. He submitted in support of his claim for medical-legal costs an itemized statement of charges including $65 for orthopedic evaluation and $33 for X-rays as well as a statement of a $15 charge for a report by Dr. Goldberg, making a possible total claim for medical-legal costs of $113 if all of those items are found to be medical-legal expenses. The appeals board in its answer asserts that $218 of Dr. Goldberg's charges was for treatment and only $15 was for medical-legal costs which was the charge he made for a final report.

██ Labor Code, section 4600, provides that a claimant, whether successful or not, is entitled to be reimbursed for

expenses reasonably and necessarily incurred for X-rays, laboratory fees, medical reports. and medical testimony to support his claim. (*Subsequent Injuries Fund* v. *Industrial Acc. Com.*, 59 Cal.2d 842, 843-844 [31 Cal.Rptr. 477, 382 P.2d 597] ; *Turudich* v. *Industrial Acc. Com.*, 237 Cal.App.2d 455, 457 [47 Cal.Rptr. 21] et seq.) ▮ The denial of any award whatever for medical-legal costs compels the conclusion that the appeals board has not distinguished the issue of reimbursement for self-procured medical treatment from the issue of reimbursement for medical-legal costs and has not reviewed the evidence in light of the latter issue.

The order of the appeals board is annulled and the matter is remanded to the appeals board for further proceedings.

Files, P. J., and Kingsley, J., concurred.