[Civ. No. 54584. Second Dist., Div. Three. Dec. 11, 1979.]

YSIDRO ZARATE, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
Estate of LILY COWAN et al., Respondents.

COUNSEL

Geffner & Satzman, Mark Feldman and David Schwartz for Petitioner.

No appearance for Respondents.

OPINION

ALLPORT, J.—Petitioner contends respondent Workers' Compensation Appeals Board (WCAB) erred in denying him reimbursement of medical-legal expenses incurred to prove his contested workers' compensation claim and refusing to award him as against the alleged employer deposition costs and attorney's fees. We affirm the decision of the WCAB.

## I. *Appeals Board Proceedings*

Petitioner Ysidro Zarate filed a claim with the appeals board alleging he was an employee of Lily Cowan[1] and that he sustained injury arising

---

[1] Ms. Cowan died prior to the alleged compensable injury; the defendant in the proceeding is thus the Estate of Lily Cowan.

out of and occurring in the course of said employment. The workers' compensation judge found that Zarate was not an "employee" of Cowan; the judge accordingly denied workers' compensation benefits to Zarate. No party now disputes such finding.

The workers' compensation judge, however, awarded medical-legal costs (Lab. Code, § 4600)[2] to Zarate, consisting of $225 for a medical report and $47.65 to Zarate's attorneys for litigation expenses. The judge also awarded as costs against Cowan a $50 attorney's fee to Zarate's attorney pursuant to Labor Code section 5710, subdivision (b),[3] for the deposition of Zarate taken by Cowan in conjunction with the compensation proceeding.

The WCAB granted reconsideration and considered the matter en banc rather than by assignment of just three members. (See Lab. Code, § 115.) A split decision resulted.

A majority of four members reversed the award of the medical-legal expenses and the deposition costs/attorney's fees. However, only three of the majority concurred in the lead opinion; one member of the majority wrote a separate opinion.

The lead opinion observed that Labor Code section 4600 only provides for payment of medical-legal costs to an "employee" and section 5710 only allows award of deposition costs/attorney's fees where the deposition taken is of the "employee." For authority the lead opinion relied upon the prior WCAB en banc opinion of *Dawson v. Television Discount Mart, Inc., et al.* (1967) 32 Cal.Comp.Cases 447 (writ den.,

---

[2]Labor Code section 4600 provides in pertinent part: "[T]he *employee,* or the dependents of a deceased *employee,* shall be reimbursed for expenses reasonably, actually, and necessarily incurred for X-rays, laboratory fees, medical reports, medical testimony, and, as needed, interpreter's fees, to prove a contested claim. The reasonableness of and necessity for incurring such expenses to prove a contested claim shall be determined with respect to the time when such expenses were actually incurred. Expenses of medical testimony shall be presumed reasonable if in conformity with the fee schedule charges provided for impartial medical experts appointed by the administrative director." (Italics added.)

[3]Labor Code section 5710, subdivision (b), provides: "(b) Where the employer or insurance carrier requests a deposition to be taken of an injured *employee,* such *employee* is entitled to receive in addition to all other benefits: [¶] (1) All reasonable expenses of transportation, meals and lodging incident to such deposition. [¶] (2) Reimbursement for any loss of wages incurred during attendance of such deposition. [¶] (3) A copy of the transcript of the deposition, without cost to the employee. [¶] (4) A reasonable allowance for attorney's fees where the injured *employee* is represented by an attorney. Such fee shall be discretionary with, and, if allowed, shall be set by, the appeals board, but shall be paid by the employer or his insurer." (Italics added.)

33 Cal.Comp.Cases 218). In *Dawson* the WCAB held in a four-to-two opinion that a claimant, who was denied benefits because he was not an "employee" but an "independent contractor," was not entitled to medical-legal costs under Labor Code section 4600.

In *Dawson* the WCAB stated (at pp. 448-449): "It appears from [the language of section 4600] that medical-legal costs may only be awarded to an *employee,* not to every applicant. Labor Code Section 3351 defines the term 'employee' as used in Division 4 of the Labor Code. When read in conjunction with Labor Code sections 3353 and 3357, it obviously does not include an independent contractor.

"This interpretation is also in conformity with the spirit and purpose of the Workmen's Compensation law. The awarding of medical-legal costs is based upon the theory that an employee should be on a parity with an employer and his insurance carrier in presenting evidence to prove his claim. The inequity produced by the normal economic imbalance between the injured employee and the insurance carrier is the rationale behind the allowance of medical-legal costs. An insurance carrier who receives premiums from industry, based upon payroll, is considered to be in a better economic position to bear this cost.

"One who engages an independent contractor is not required, however, to carry workmen's compensation insurance. The mere fact that an independent contractor files an application should not put the burden upon his alleged employer to bear the expense of the applicant's proof of his claim, when as a matter of fact it is shown that he was not an employee, and where the alleged employer was not required to carry workmen's compensation insurance. Any insurance carrier involved would not be entitled to receive any premium." (Italics in original.)

The WCAB lead opinion also noted that in *Adams v. Workers' Comp. Appeals Bd.* (1977) 18 Cal.3d 226 [133 Cal.Rptr. 517, 555 P.2d 303], the court held that medical-legal expense is "compensation" as defined in the workers' compensation laws and thus to award medical-legal expenses here would be to pay compensation to someone not an "employee."

The WCAB lead opinion rejected any allowance of the medical-legal costs and deposition costs/attorney's fees pursuant to Labor Code section 5811, which provides in pertinent part: "In all proceedings under

this division before the appeals board, costs as between the parties may be allowed by the appeals board." The lead opinion held that Labor Code section 5811 permits costs to the prevailing party and thus reasoned that not only did Zarate not prevail but that section 5811 should not be used to evade the limitations of sections 4600 and 5710.

The concurring member in the majority agreed that as Zarate was not an employee neither medical-legal costs under the authority of Labor Code section 4600 nor deposition costs/attorney's fees under the authority of Labor Code section 5710 could be awarded. The concurring opinion stated that the award of both the medical-legal costs and the deposition costs/attorney's fees could, however, be permissible under Labor Code section 5811, at the discretion of the appeals board. He did not agree with the lead opinion that only the prevailing party can be awarded litigation costs pursuant to Labor Code section 5811. Rather, argued the concurring member, "the equities of each case must be considered in the Board's exercise of discretion under Labor Code § 5811." Here, the concurring member opined that the medical-legal costs and the deposition costs/attorney's fees should not be awarded, as the equities were not more in favor of Zarate than Cowan.

The three dissenting members opined that Zarate's medical-legal costs could be awarded under section 4600 even though Zarate was not an "employee," as Zarate acted in good faith in making his claim. The dissent similarly was convinced that the deposition costs/attorney's fees under Labor Code section 5710 could be awarded pursuant to Labor Code section 5811 if Zarate had made his claim in good faith.

The dissent observed that in *Subsequent Injuries Fund v. Industrial Acc. Com. (Roberson)* (1963) 59 Cal.2d 842 [31 Cal.Rptr. 477, 382 P.2d 597], the injured worker, who was an employee and had received workers' compensation benefits from his employer, was granted medical-legal costs pursuant to section 4600 against the Subsequent Injuries Fund (Lab. Code, §§ 4750-4755) even though his claim for benefits against the Subsequent Injuries Fund was denied.

The court in *Roberson* stated at pages 843-844: "The sole issue presented is whether under section 4600 of the Labor Code, . . . certain specified costs may be awarded an unsuccessful claimant against the Fund. . . . [¶] . . . [¶] The Fund also argues that allowing [medical-legal expense] awards to be made to unsuccessful claimants might result in the filing of frivolous claims since an employee, regardless of the

merit of his claim, would be entitled to receive a free medical examination. However, the requirement in section 4600 that the expenses be 'reasonably' and 'necessarily' incurred is a safeguard against such abuse. [¶] We are of the view that *the statute provides that a claimant, whether successful or not, is entitled to be reimbursed for expenses reasonably and necessarily incurred for the specified medical services.* This construction is in accord with the policy of the law enjoined by both statute and precedent directing that workmen's compensation laws be liberally construed in favor of extending their benefits." (Italics added.)

The dissent also pointed out that in *Turudich v. Industrial Acc. Com.* (1965) 237 Cal.App.2d 455 [47 Cal.Rptr. 21], the claimant (who again was apparently an employee) was held entitled to medical-legal costs pursuant to section 4600 even though his claim was held barred by the statute of limitations provided that the commission (now the WCAB) found the claim not to have been frivolous in light of the statute defense.

Zarate now seeks review of the denial of medical-legal costs and deposition costs/attorney's fees.

## II. *Discussion*

█ We agree with the WCAB lead opinion that as Zarate is not an "employee"[4] he may not be awarded medical-legal costs and deposition costs/attorney's fees under Labor Code sections 4600 and 5710, respectively. Labor Code sections 4600 and 5710 specify award of such litigation expenses to the "employee." Even though Labor Code section 3202 requires that we construe the workers' compensation laws liberally, we may not ignore the language of Labor Code sections 4600 and 5710. (*Fuentes v. Workers' Comp. Appeals Bd.* (1976) 16 Cal.3d 1, 8 [128 Cal.Rptr. 673, 547 P.2d 449].)

We also reject in this case the allowance to Zarate of his medical-legal costs and deposition costs/attorney's fees as "litigation expenses" under Labor Code section 5811. The concurring member in the WCAB majority suggests that there might be cases where someone not an "em-

---

[4] "Employee" is defined by Labor Code section 3351 as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed. . . ."

ployee" could be awarded litigation expenses under Labor Code section 5811. We need not decide the question as no such circumstances exist here. Zarate was found not to be an employee of Cowan as the workers' compensation judge found Zarate's testimony lacked credibility on the issue of employment.

The decision of the WCAB is affirmed.

Cobey, Acting P. J., and Potter, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 7, 1980.