[No. C054907. Third Dist. June 23, 2008.]

JIM BARR, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and DEPARTMENT
OF INDUSTRIAL RELATIONS, SUBSEQUENT INJURIES BENEFITS
TRUST FUND, Respondents.

[No. C057303. Third Dist. June 23, 2008.]

DEPARTMENT OF INDUSTRIAL RELATIONS, SUBSEQUENT
INJURIES BENEFITS TRUST FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and BRADLEY
DORIGO, Respondents.

Counsel

Thomas B. Brown for Petitioner Jim Barr.

Vanessa L. Holton, Steven A. McGinty and Michael R. Drayton for Respondent and for Petitioner Department of Industrial Relations, Subsequent Injuries Benefits Trust Fund.

Neil P. Sullivan and Vincent Bausano for Respondent Workers' Compensation Appeals Board.

Thomas B. Brown for Respondent Bradley Dorigo.

Opinion

**RAYE, J.**—The dispositive issue presented by these consolidated petitions for review is whether the authority of the Workers' Compensation Appeals Board (WCAB) to award costs for the preparation of a vocational rehabilitation consultant's report depends on the report's admissibility as evidence under Labor Code section 5703.[1] The workers' compensation judge denied applicant Jim Barr's costs because he found the report was inadmissible. The WCAB affirmed. A different judge, however, determined the expense of a report prepared by the same consultant for applicant Bradley Dorigo was

---

[1] All further statutory references are to the Labor Code unless otherwise indicated.

reasonably and necessarily incurred and therefore would be awarded as a cost under section 5811. We conclude the WCAB retains discretion to award costs whether or not the report itself is admissible. Because the WCAB failed to exercise its discretion in Barr's case by erroneously finding that an inadmissible report precludes an award of costs as a matter of law, we remand the case to the WCAB to exercise its discretion. We affirm the award of costs in Dorigo's case.

## FACTS

Jim Barr had preexisting injuries when, in August 1999, he sustained additional injuries while working for Maita Oldsmobile Body Shop as an estimator. He filed an application for adjudication of the claim in May 2002 and settled his claim against his employer for approximately $10,000 in January 2004. In April 2004 he filed an application for subsequent injuries benefits. (§ 4751.) The case was ready to proceed in May 2006.

Barr's lawyer then hired a vocational rehabilitation consultant to evaluate Barr's then-existing condition, some seven years after the industrial accident. The consultant concluded Barr was 100 percent disabled.

In October 2006 the Subsequent Injuries Benefits Trust Fund (SIF) agreed to the terms of a stipulation of facts and award but objected to payment of the fees of the vocational rehabilitation consultant. There was no trial and no testimony was taken.

The workers' compensation judge ordered the parties to brief the issue of costs. He concluded the cost of the consultant's time to prepare testimony was a reimbursable cost under section 5811, but the cost of preparation of the report was not. The WCAB affirmed. Both sides petitioned for review. We summarily denied SIF's petition (*Rea v. Workers' Comp. Appeals Bd.* (Apr. 26, 2007, C054922) [petn. den. by order]) and granted Barr's (case No. C054907).

Bradley Dorigo, like Barr, settled his claim against his employer for job-related personal injuries and then filed an application for subsequent injuries benefits. His lawyer hired the same vocational rehabilitation consultant used for Barr, and the consultant issued a report. Dorigo, also like Barr, settled his SIF claim without trial.

Dorigo thereafter sought an award requiring SIF to pay the cost of the consultant's report. As noted above, the workers' compensation judge deter-

mined the cost of the report was reasonably and necessarily incurred. The WCAB granted SIF's petition for reconsideration, rejected SIF's arguments, and affirmed the award of costs. We now address whether the WCAB has the discretion to award costs for the preparation of a vocational rehabilitation consultant's report.

## DISCUSSION

■ "As a general rule, the WCAB is authorized to award costs." (*Johnson v. Workers' Comp. Appeals Bd.* (1984) 37 Cal.3d 235, 238 [207 Cal.Rptr. 857, 689 P.2d 1127].) Section 5811 provides, in pertinent part: "In all proceedings under this division before the appeals board, costs as between the parties may be allowed by the appeals board." (§ 5811, subd. (a).) Because these costs are not defined by statute, the WCAB and SIF venture far and wide to resolve our narrow issue.

The WCAB, citing to the overarching constitutional principle that workers' compensation proceedings "shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character" (Cal. Const., art. XIV, § 4), admits that "it frequently has admitted vocational rehabilitation reports in evidence, in lieu of or in addition to vocational rehabilitation expert testimony, to expedite trials and reduce costs." On the one hand, citing section 5708, the WCAB rejects the notion that it is bound by the common law or statutory rules of evidence and procedure but, on the other hand, analogizes to civil cases in which written reports of experts are admitted in lieu of their testimony. (*County of Orange v. Barratt American, Inc.* (2007) 150 Cal.App.4th 420, 439 [58 Cal.Rptr.3d 542].) Essentially, the WCAB sees no reason to treat the report of a vocational rehabilitation expert any differently than the report of an examining physician, which is expressly admissible under the provisions of section 5703, subdivision (a), assuming it is submitted under penalty of perjury, because in the WCAB's view the list of admissible reports in section 5703 is nonexclusive.

SIF's arguments are more impassioned. Accusing the WCAB of unrestrained overreaching, SIF insists the WCAB's position is contrary to the law and public policy favoring prompt and cost-effective workers' compensation remedies, particularly in the wake of the legislative overhaul necessitated by the "workers' compensation crisis" in the State of California. It complains that the WCAB has "elevated its discretionary powers to the point that it denudes section 5703 of any meaning." SIF, mistaking us for the Legislature, asks us to further public policy in this unregulated area by adopting the common law rule that the expert's expenses are not awarded as costs unless

the court appoints the expert. But our task is a modest one: we interpret the law; we do not write it. Thus, we reject SIF's notion that we should cure the gaps in this "unregulated" arena by imposing our own prescription for sound public policy. Rather, as mere arbiters of the meaning of the statutes, we turn to the language of the pertinent sections of the Labor Code.

First, as mentioned above, section 5811 confers on the WCAB the discretion to award costs. SIF cites a litany of cases, none of which involve the costs of a vocational rehabilitation expert, but in all of which, according to SIF, the Courts of Appeal have frequently placed limits on the WCAB. But these cases involve blatant violations of due process (*Carstens v. Pillsbury* (1916) 172 Cal. 572, 577–578 [158 P. 218]), rulemaking provisions of the Labor Code (*Rea v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 625, 644–645 [25 Cal.Rptr.3d 828]), rules of judicial notice (*Gee v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 1418, 1426 [118 Cal.Rptr.2d 105]), or the statute of limitations (*McGee Street Productions v. Workers' Comp. Appeals Bd.* (2003) 108 Cal.App.4th 717 [133 Cal.Rptr.2d 813]). Not one of the extreme examples cited by SIF bears any resemblance to the scope of discretion to award costs pursuant to section 5811.

■ Second, we agree with the WCAB that sections 5708 and 5709 do provide the context within which it exercises its discretion. Section 5708 provides that the WCAB "shall not be bound by the common law or statutory rules of evidence and procedure, but may make inquiry in the manner, through oral testimony and records, which is best calculated to ascertain the substantial rights of the parties and carry out justly the spirit and provisions of this division." Similarly, section 5709 provides: "No informality in any proceeding or in the manner of taking testimony shall invalidate any order, decision [or] award [of the WCAB]. No order, decision, [or] award [of the WCAB] shall be invalidated because of the admission into the record, and use as proof of any fact in dispute, of any evidence not admissible under the common law or statutory rules of evidence and procedure." Thus, taken together, sections 5708 and 5709 allow the WCAB considerable discretion to conduct its business in a manner quite unlike civil litigation; in fact, the WCAB is unencumbered by formality or traditional rules of evidence and procedure.

Yet SIF insists that section 5703 limits the WCAB's discretion to award costs. We disagree. Section 5703 provides that "in addition to sworn testimony presented in open hearing," "[t]he appeals board may receive as evidence either at or subsequent to a hearing, and use as proof of any fact in dispute" various reports, documents, schedules, records, protocols, and publi-

cations. Section 5703 lists the following: "(a) Reports of attending or examining physicians. [¶] . . . [¶] (b) Reports of special investigators appointed by the appeals board or a workers' compensation judge to investigate and report upon any scientific or medical question. [¶] (c) Reports of employers, containing copies of timesheets, book accounts, reports, and other records properly authenticated. [¶] (d) Properly authenticated copies of hospital records of the case of the injured employee. [¶] (e) All publications of the Division of Workers' Compensation. [¶] (f) All official publications of the State of California and United States governments. [¶] (g) Excerpts from expert testimony received by the appeals board upon similar issues of scientific fact in other cases and the prior decisions of the appeals board upon similar issues. [¶] (h) Relevant portions of medical treatment protocols published by medical specialty societies. . . . [¶] (i) The medical treatment utilization schedule in effect pursuant to Section 5307.27 or the guidelines in effect pursuant to Section 4604.5." A vocational rehabilitation consultant's report is not included in the list set forth in section 5703. We need not decide, however, whether the list is exclusive, as SIF contends, or merely illustrative, as the WCAB suggests, because the issue before us is not the admissibility of the report but whether the WCAB had discretion to award costs pursuant to section 5811 even if the report itself was inadmissible.

 SIF offers no authority for the proposition that the WCAB can only award costs attributable to admissible evidence. Nothing in the language of section 5811 suggests the WCAB's discretion is circumscribed by the rules of admissibility. Indeed, reports that are inadmissible for any number of reasons might be valuable in preparing for a hearing or to further settlement negotiations. Given that the WCAB is accorded generous flexibility by sections 5708 and 5709 to achieve substantial justice with relaxed rules of procedure and evidence and that SIF concedes the use of vocational rehabilitation experts is unregulated, we can find nothing in the Labor Code or general principles of due process to limit the WCAB's discretion to award costs in accord with the broad language used in section 5811.[2]

At oral argument, SIF's counsel argued vigorously that the recently decided case of *Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142 [74 Cal.Rptr.3d 81, 179 P.3d 882] (*Olson*) compels us to hold

---

[2] Nor do we accept SIF's attempt to avoid sections 5708 and 5709 by characterizing the issue as substantive rather than procedural. SIF maintains that, as a matter of substantive law, expert witness costs cannot be awarded unless a court appoints the expert, and therefore, the liberality accorded to the WCAB under sections 5708 and 5709 does not apply. We will not dilute or ignore sections 5708, 5709, and 5811, all of which reflect a legislative assessment that the WCAB should have the discretion to tailor workers' compensation proceedings to meet the unique demands of that system, in the name of generic principles of civil law.

that, in the absence of language in section 5811 or elsewhere expressly conferring authority to award expert witness fees as costs, the WCAB could not award the costs here at issue. As acknowledged by SIF's counsel, the principles discussed in *Olson* are not new but have never been applied to section 5811. Nor have they been considered in light of the unique demands of litigation before the WCAB where, unlike in civil litigation generally, expert witnesses are routinely employed and are often essential to the resolution of factual disputes. Thus, while we take note of *Olson*, we are not persuaded that its holding restricts the WCAB's discretion to award expert witness fees as costs.[3]

SIF argues that the WCAB's en banc decision in *Costa v. Hardy Diagnostic* (2007) 72 Cal.Comp.Cases 1492 (*Costa*) demonstrates the danger of according the WCAB unfettered discretion. In *Costa*, the vocational rehabilitation consultant's report was excluded from evidence because it was based on incorrect assumptions, inappropriately considered nonindustrial factors, and incorrectly calculated preinjury earnings capacity. Nevertheless, the WCAB ruled the cost was allowable under section 5811 under standards analogous to medical-legal costs under section 4621, subdivision (a). The WCAB applied those standards as follows: "Thus, the costs of evidence on and/or in rebuttal to a permanent disability rating must be reasonable and necessary at the time they were incurred, and such determination will also be made on a case by case basis. We further note that as with medical-legal costs, which may be reimbursable even though the applicant is unsuccessful in his or her claim (see, e.g., *Subsequent Injuries Fund v. Industrial Acc. Com. (Roberson)* (1963) 59 Cal.2d 842, 844 [28 Cal.Comp.Cases 139, 140]; *Beverly Hills Multispecialty Group, Inc. v. Workers' Comp. Appeals Bd. (Pinkney)* (1994) 26 Cal.App.4th 789, 802 [59 Cal.Comp.Cases 461, 471]), the expert evidence offered by an applicant does not necessarily have to successfully affect the permanent disability rating to be reimbursable. At the same time, however, the WCAB has the discretion to balance the amount of such costs against the benefit obtained. (See *Jimenez v. San Joaquin Valley Labor* (2002) 67 Cal.Comp.Cases 74, 84–85, fn. 18 (Appeals Board en banc).) Moreover, as with medical-legal costs, reimbursement will not be allowed if the report and/or testimony is premised on facts or assumptions so false as to render it

---

[3] The precise issue presented in *Olson* was whether Code of Civil Procedure section 1021.5, which provides that a prevailing party may be awarded attorney fees, can be construed to authorize the payment of expert witness fees as well. The court noted that the language of the statute mentioned attorney fees explicitly but made no reference to costs, and traced the legislative history of section 1021.5, including failed efforts to include language making express reference to " 'costs, and other expenses.' " (*Olson, supra*, 42 Cal.4th at p. 1154.) The court concluded section 1021.5 did not provide the express authority required by Code of Civil Procedure section 1033.5 for the award of expert witness fees.

worthless. (See *Penny v. Workers' Comp. Appeals Bd.* (1983) 48 Cal.Comp.Cases 468 (writ den.); *Pacific Medical Associates, Inc. v. Workers' Comp. Appeals Bd. (Rodarte)* (1995) 60 Cal.Comp.Cases 526 (writ den.).) Furthermore, as medical-legal costs are not recoverable with respect to reports, for example, that are incapable of proving or disproving a disputed fact, or whose conclusions are totally lacking in credibility (see *Cal. Workers' Comp. Practice* (Cont. Ed. Bar, 4th ed., June 2007 Update) § 3.52, pp. 232–233), reports and testimony of a vocational rehabilitation expert must at least have the potential to affect a permanent disability rating in order for their costs to be recoverable." (*Costa*, at pp. 1498–1499, fn. omitted.)

The WCAB's conclusion in *Costa* is at odds with a statement it made over 20 years earlier, without analysis, in *Barrett v. Workers' Comp. Appeals Bd.* (1982) 47 Cal.Comp.Cases 122 (*Barrett*). The WCAB wrote: "In its opinion the Board stated that the opinion of a vocational expert could be proper and relevant rebuttal evidence to a recommended permanent disability, but the expert must be present to testify regarding his opinion because Labor Code § 5703 . . . does not include a vocational expert's report among the material that may be admitted into evidence in lieu of sworn testimony to prove a disputed fact. The Board also stated that the vocational expert's charges for the report were not recoverable as cost[s] within the meaning of Labor Code § 5811 . . . ." (*Barrett*, at p. 124.)

■ In Barr's case, the workers' compensation judge relied on *Barrett* in deciding not to award costs under the mistaken impression that admissibility is a prerequisite to reimbursement. We accept the WCAB's more recent decision in *Costa* and reject SIF's characterization of the case as "an example of the problem." *Costa* reflects the legislative policy to accord the WCAB the discretion to evaluate whether the costs of a vocational rehabilitation consultant's report are reasonable and necessary based on the facts of the particular case before it. It may be, as in *Costa* and here in Dorigo's action, that the worker should be reimbursed for the cost of the report because it facilitated the expert testimony. Or it may be, as in *Barrett*, that the WCAB will decide SIF should not be obligated to pay for the cost of a report, which may not have been admissible and may have been of little, if any, value since the injury had been sustained seven years earlier. But the parties have not provided, and we have not found, statutory or case law limiting the WCAB's discretion to preclude an award of costs for a vocational rehabilitation expert's report as a matter of law. SIF entreats us to fill the void by legislating under the guise of statutory interpretation and blurring the distinctions between civil jurisprudence and workers' compensation law. This we cannot do. As a result, we conclude the broad language of section 5811 is controlling; we accord deference to the WCAB's construction of the statute

as explained in *Costa*, and we remand the Barr case to the WCAB to exercise its discretion to award the costs of the report even if it might have been inadmissible. Petitioner shall recover costs in the Barr proceeding. The WCAB's award of costs in the Dorigo matter is affirmed. Respondents shall recover costs in the Dorigo proceeding.

Sims, Acting P. J., and Cantil-Sakauye, J., concurred.